UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOANN DUVERNAY                                    CIVIL ACTION

VERSUS                                            NO. 10-612

AMERICAN SECURITY INSURANCE                       SECTION "C" (2)
COMPANY

<u>ORDER AND REASONS</u>

This matter comes before the Court on the issue of subject matter jurisdiction.

Having considered the record, the memoranda of counsel and the law, the Court

dismisses for lack of subject matter jurisdiction for the following reasons.

The plaintiff in this severed Katrina matter claims breach of contract and breach

of implied covenant of good faith and fair dealing under La.Rev.Stat. §§ 22:658 and

1220. The plaintiff alleges in the amended complaint against the homeowner's insurer

that  jurisdiction exists on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).

The Court ordered memoranda and proof directed to the issue of its subject matter

jurisdiction.

The plaintiff argues in response to the Court's order that jurisdiction exists under

the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)("CAFA")[1] and diversity

jurisdiction. The Court finds the plaintiff's argument that jurisdiction exists under

CAFA is ill-founded. The case from which this matter was severed, *Adams v. American*

*Security Insurance Co.*, Civ. Act. No. 09-2609 "K" was also based on diversity jurisdiction

under Section 1332(a), not CAFA. In addition, the claims from which the *Adams* claims

were severed, *Abadie v. Aegis Security Insurance Co.*, Civ. Act. 06-5164 "K" and *Abadie v.*

*Aegis Security Insurance Co.*, 07-5112 "K" were declared misjoined. *In re Katrina Canal*

*Breaches Consolidated Litigation,* Civ. Act. No. 05-4182 "K", Rec. Docs. 17017, 19561.

The plaintiff does not and can not argue that any order recognized previous joined

claims as properly joined under CAFA or otherwise. In addition, no class relevant to

the instant claims has ever been recognized under CAFA or otherwise in the history of

the expanded litigation from which these claims were severed. Any class action has

been dismissed, and "a severed action must have an independent jurisdictional basis."

*Honeywell International Inc. v. Phillips Petroleum Co,* 415 F.3d 429, 432 (5th Cir. 2005). See

also *Washington v. American Security Insurance Co.*, Civ. Act. 10-685 "S", Rec. Doc. 8.

With respect to diversity jurisdiction, the parties represent that the policy limits

are $57,000/$5,700. Ordinarily, policy limits do not determine the amount in

---

[1] Section 1332(d)(2)(A) allows for original jurisdiction where the amount in
controversy exceeds $5,000,000 in class actions in which "any member of a class of
plaintiffs is a citizen of a State different from any defendant."

controversy, unless the value of the claim exceeds the value of the policy. *Hartford Insurance Group v. Lou-Con, Inc.*, 293 F.3d 908, 911 (5th Cir. 2002). Here, the figures fall short of the jurisdictional minimum necessary for diversity jurisdiction under Section 1332(a) no matter how they are viewed.[2]

The figures provided in response to the Court's orders do not otherwise support subject matter jurisdiction. The parties represent that approximately $11,542 was paid under the policy in October 2005 and November 2006. The plaintiff also presents an undocumented demand and "loss breakdown/wind" for $80,922 outstanding as of November 2006.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. <u>Simon v. Wal-Mart Stores, Inc.</u>, 193 F.3d 848 (5th Cir. 1999). "The court's obligation to determine that the requisite jurisdictional amount is present is independent of the parties' assertions or desires." Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 14AA *Federal. Practice & Procedure* 3702 (West). Here, the plaintiff bears the burden of establishing subject matter jurisdiction by showing that it does not appear to a legal certainty that

[2]The claim for statutory penalties is speculative for purposes of determining the jurisdictional minimum. Facts indicating the propriety of such penalties must be presented. *Magee v. American Security Insurance*, 2009 WL 1707920 (E.D.La.); *Schaeffer v. Allstate Insurance Co.*, 2008 WL 4058867 (E.D.La.).

the claim for relief is for less than the statutorily prescribed jurisdictional amount of $75,000. *Id.*; *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938). "[T]he plaintiff must demonstrate that there is a *possibility* of recovering more than the jurisdictional minimum, and must do so by a preponderance of the evidence supported by competent proof." James Wm. Moore,15 *Moore's Federal Practice* §102.107[1] (Lexis 2009)(emphasis original). Here, the figures fall short of the jurisdictional minimum necessary for diversity jurisdiction under Section 1332(a).[3]

Sufficient opportunity has been provided to file in state court.

Accordingly,

IT IS ORDERED that this matter be and hereby is DISMISSED for lack of subject matter jurisdiction.

New Orleans, Louisiana, this 30th day of June, 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[3]The claim for statutory penalties is speculative for purposes of determining the jurisdictional minimum. Facts indicating the propriety of such penalties must be presented. *Magee v. American Security Insurance*, 2009 WL 1707920 (E.D.La.); *Schaeffer v. Allstate Insurance Co.*, 2008 WL 4058867 (E.D.La.).